When Recorded Mail to:
FIRST AMERICAN TITLE CO.
FAMS-DTO RECORDING
3 FIRST AMERICAN WAY
SANTA ANA, CA 92707-991

Document Prepared by:
Crystal Faw
Midland Mortgage - A Division of MidFirst Bank
999 N.W. Grand Boulevard, Suite 100
Oklahoma City, OK 73118-6116
1-800-552-3000

 

FHA Case Number: **351-6185470703**

## SUBORDINATE MORTGAGE

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on **May 19, 2021**. The mortgagors are **BRIAN ZUMWALDE & LISA ZUMWALDE** whose address is **300 4TH AVE GLENDORA, NJ 08029-0000** ("Borrower"). This Security Instrument is given to the **Secretary of Housing and Urban Development** whose principal office and mailing address is **451 Seventh Street, SW, Washington, DC 20410** ("Lender"). Borrower owes Lender the principal sum of **nineteen-thousand-three-hundred-twenty-five dollars and seventy-five cents** (US **$19,325.75**). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **2/1/2042**. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums advanced to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and

Page 1 of the Subordinate Mortgage

Borrower Initial Lines
LZ    BZ

\* Please add the appropriate number of initial lines for each signatory over 4

the Note. This Security Instrument and the Note secured hereby are subject to modification (including changes in the due date and other terms and conditions) as defined in New Jersey Laws 1985, ch 353 section 1 *et seq*, and upon such modification, shall have the benefit of the lien priority provisions of that law. The maximum principal amount secured by this Security Instrument is $19,325.75. For these purposes, Borrower does hereby mortgage, grant and convey to the Lender the following described property located in **CAMDEN** County, New Jersey:

See Exhibit "A" attached hereto and made a part hereof.

Tax ID # 02203.000000001.0000

which has the address of: **300 4TH AVE GLENDORA, NJ 08029-0000** ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property".

WHEREAS, Borrowers delivered to Lender a mortgage dated **1/30/2012** encumbering the land, improvements and other items of mortgage property as more particularly set forth in the mortgage which was recorded in the Office of Clerk, CAMDEN County on **2/3/2012**, in Instrument Number: 2012007385, Book 09535 on Page 0926 in the principal sum of **$144,248.00** and a note dated **1/30/2012** from Borrowers to Lender in the principal sum of **$144,248.00**, which note is secured by the Mortgage.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal.**

   Borrower shall pay when due the principal of the debt evidenced by the Note.

2. **Borrower Not Released; Forbearance By Lender Not a Waiver.**

Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

3. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.**

   The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the note without that Borrower's consent.

4. **Notices.**

   Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Notice to any one Borrower shall serve as notice to all Borrowers unless state law expressly prohibits same. Any notice to Lender shall be given by first class mail to: **Department of Housing and Urban Development, Attn: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 20410 or any address Lender designates** by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

5. **Governing Law; Severability.**

   This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end, the provisions of the Security Instrument and the Note are declared to be severable.

6. **Borrower's Copy.**

Page 3 of the Subordinate Mortgage

Borrower Initial Lines

* Please add the appropriate number of initial lines for each signatory over 4

Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

7. <u>Acceleration; Remedies.</u>

   Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument. The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to asset in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure; and any other disclosure required under the Fair Foreclosure Act, codified at §§ 2A:50-53 et seq. of the New Jersey Statutes, or other Applicable Law. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, attorneys' fees and costs of title evidence permitted by Rules of Court. **If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under the Paragraph 4 of the Subordinate Note, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 USC 3751 <u>et seq</u>) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to Lender under this paragraph or applicable law.**

8. <u>Release</u>.

   Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs. Lender may charge such person or persons a fee for reconveying the Property only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under applicable law.

9. <u>No Claim of Credit for Taxes</u>.

   Borrower will not make deduction from or claim credit on the principal or interest secured by this Security Instrument by reason of any governmental taxes,

Page 4 of the Subordinate Mortgage

Borrower Initial Lines
LZ    BZ

\* Please add the appropriate number of initial lines for each signatory over

4

assessments or charges. Borrower will not claim any deduction from the taxable value of the Property by reason of this Security Instrument.

Page 5 of the Subordinate Mortgage

Borrower Initial Lines
ιν    BZ

* Please add the appropriate number of initial lines for each signatory over
4

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it. IN WITNESS WHEREOF, Borrower has executed this Security Instrument.

BORROWER

*Brian Zumwalde*
_____
BRIAN ZUMWALDE

*Lisa Zumwalde*
_____
LISA ZUMWALDE

Acknowledgement

| | |
|---|---|
| STATE OF New Jersey | ) |
|  | ) SS: |
| COUNTY OF **CAMDEN** | ) |

On the 4th day of June, 2021, before me, the undersigned, a notary public in and for said state, personally appeared **BRIAN ZUMWALDE & LISA ZUMWALDE**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument.

In witness whereof, I hereunto set my hand and official seal.

*[signature]*
Notary Public

*Christine A. Nucera*
Printed name of notary

County of Residence: Camden
Commission Number: CHRISTINE A. NUCERA
A Notary Public of New Jersey
My Commission Expires OCTOBER 30 2023
My Commission Expires:_____

## Exhibit "A"

LAND AND PREMISES situate in the Township of Gloucester, County of Camden and State of New Jersey as follows

BEGINNING at the intersection of the Southerly line of Fourth Avenue (50 feet wide) with the Easterly line of Wilson Street (50 feet wide), thence

(1) Southwardly, along the Easterly line of Wilson Street, a distance of 11000 feet to a point, thence

(2) Eastwardly, at right angles to Wilson Street and being parallel with Fourth Avenue, and through Lot 70, on the plan hereinafter mentioned, a distance of 100.00 feet to a pont, thence

(3) Northwardly, at right angles to the last course and being parallel with Wilson Street, and along the division line of Lots 70 and 77 and continuing along the division line of Lots 69, 68 and 73, a distance of 110.00 feet to a point in the Southerly line of Fourth Avenue, thence

(4) Westwardly, along the Southerly line of Fourth Avenue, a distance of 100.00 feet to the point and place of beginning

BEING shown and designated as Lots 68, 69 and the Northerly 30 feet of Lot 70 on plan entitled "Plan of East Glendora, duly filed in the Camden County Register of Deeds Office as File 61 Map 2

BEING commonly known as 300 Fourth Avenue

THE ABOVE DESCRIBED tract or parcel of land and premises being described according to a Survey of Premises made by Walter H Macnamara Assoc, Inc, Professional Land Surveyors, dated December 20, 2011

Property Address: 300 4TH AVE, GLENDORA, NJ 08029

**Parcel #** 02203.000000001.0000

**Tax ID#** 02203.000000001.0000

FHA Case Number: 351-6185470703

 

## SUBORDINATE NOTE

Date: May 19, 2021
Property Address: 300 4TH AVE
GLENDORA, NJ  08029-0000

1. **Parties**

   "Borrower" means each person signing at the end of this Note, and the Person's successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and assigns.

2. **Borrower's Promise to Pay**

   In return for a loan received from Lender, Borrower promises to pay the principal sum of **nineteen-thousand-three-hundred-twenty-five dollars and seventy-five cents**  (US $19,325.75) to the order of the Lender.

3. **Promise to Pay Secured**

   Borrower's promise to pay is secured by a mortgage, deed of trust, or similar security instrument that is dated the same date as this Note and called the "Security Instrument." This Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

4. **Manner of Payment**

   A.  Time -

   On **2/1/2042** or, if earlier, when the first of the following events occurs:

   i. Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or
   ii. The maturity date of the primary Note has been accelerated, or
   iii. The primary Note and related mortgage, deed of trust, or similar Security Instrument are no longer insured by the Secretary.

   B.  Place -

   Payment shall be made at the Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, c/o NOVAD Management Consulting Shepherd Mall 2401 NW 23rd Street, Suite 1A Oklahoma City, OK 73107 or any such other place as Lender may designate in writing by notice to Borrower.

Page 1 of the Subordinate Note

    C.    Default -

If Borrower does not pay the amount due as set forth in this paragraph, Borrower will be in default. If Borrower is in default, the Lender may require immediate payment of the full amount due which has not been paid without any further notice.

    D.    No Waiver by Lender -

Even if, at a time when Borrower is in default, Lender does not require immediate payment in full, Lender will still have the right to do so if Borrower is in default at a later time.

    E.    Payment of Lender's Costs and Expenses -

If Lender has required Borrower to pay immediately in full, Lender will have the right to require Borrower to pay Lender for all costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Such expenses include but are not limited to, reasonable attorney fees.

**5. Borrower's Right to Repay**

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

**6. Waivers**

Borrower and any other person who has obligations under this Note waive the rights to presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of the amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**7. Obligations of Persons Under This Note**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower(s) accepts and agrees to the terms and covenants contained in this Note.

BORROWER

_Brian Zumwalde_ (signed)        _6-4-21_
BRIAN ZUMWALDE                    DATE

_Lisa Zumwalde_ (signed)          _6-4-21_
LISA ZUMWALDE                     DATE

Page 3 of the Subordinate Note

# Mortgage Assistance Plan Evaluation Notice

| Mortgagor | BRIAN ZUMWALDE | Loan | 58347331 |
|---|---|---|---|
| Co-Mortgagor | LISA ZUMWALDE | | |
| Mailing Address | 300 4TH AVE GLENDORA, NJ 08029-1449 | Property Address | 300 4TH AVE GLENDORA, NJ 08029-0000 |

## Congratulations on your plan approval!

You've completed the mortgage assistance application process and are approved for the following plan. To accept the assistance plan offered, please follow the instructions included with your enclosed plan documents.

| Assistance Plan Type | Explanation |
|---|---|
| FHA Covid-19 Emergency PC | You qualified for this mortgage assistance program. |

## Other plans for which you were evaluated

There were several other plans for which you did not qualify. Below is the list of mortgage assistance plans for which your application was evaluated, and the reason why you did not qualify for each plan. Each determination was based upon your individual circumstances and the investor and insurer guidelines that govern your loan.

| Assistance Plan Type | Explanation |
|---|---|
| COVID-19 FHA HAMP Modification | Investor/Insurer Hierarchy. You do not qualify for this assistance plan because you qualify for a plan that precedes it in the hierarchy established by your investor or insurer. |
| COVID-19 Non-Occupant Loan Mod | Investor/Insurer Hierarchy. You do not qualify for this assistance plan because you qualify for a plan that precedes it in the hierarchy established by your investor or insurer. |
| COVID-19 Owner-Occupant Loan Mod | Investor/Insurer Hierarchy. You do not qualify for this assistance plan because you qualify for a plan that precedes it in the hierarchy established by your investor or insurer. |
| COVID-19 Combination Partial Claim and Loan Mod | Investor/Insurer Hierarchy. You do not qualify for this assistance plan because you qualify for a plan that precedes it in the hierarchy established by your investor or insurer. |

## Appealing a plan decision

You have 14 days from the date of this letter to request an appeal of your mortgage assistance plan decision. To appeal your plan decision, please use the contact information provided below to mail, fax, or email an explanation of why you believe you may qualify for a different plan and the necessary documentation to support your appeal. Once your appeal is received, we will evaluate it and make a determination no later than 30 days from the date of your appeal, and the deadline to accept our offer will be extended until the appeal has been resolved. During the appeal process, any unpaid interest or other unpaid amounts will continue to accrue.

| Fax | Email | Mail |
|---|---|---|
| 1-405-767-5815 | mac@midfirst.com | Midland Mortgage - A Division of MidFirst Bank Attn: MAC P.O. Box 268806 Oklahoma City, OK 73126-8806 |

## Call us with questions

Call us at 1-800-552-3000 if you have any questions or would like to check the status of your account. We can assist you Monday to Friday 8 a.m. to 7 p.m. or Saturday 9 a.m. to 1 p.m. Central time.

## Escalations

If you believe your application for mortgage assistance has been denied due to an improper analysis of your information or in violation of HUD Loss Mitigation policies, you may submit a request in writing using the following methods below:

You can contact us by **fax** 1-405-767-5815 or **email** mac@midfirst.com or by **mail** at Midland Mortgage, P.O. Box 268806, Oklahoma City, OK 73126-8806.

Notice: If you fail to comply with the terms included with your plan documents and do not make other arrangements, your loan will be enforced according to its original terms, which could include foreclosure. Additionally, your loan could be included in a Single Family Loan Sale Program administered by the Federal Housing Administration (FHA).